**Jose Jesus AGUILERA–MARTINEZ, et al., Petitioners,**

v.

**John D. ASHCROFT, U.S. Attorney General, Respondent.**

No. 01–71288.
INS Nos. A75–306–514, A75–306–515, A75–306–516, A75–306–517.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2002.*

Decided Feb. 10, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KLEINFELD and RAWLINSON, Circuit Judges, and REA,** District Judge.

### MEMORANDUM***

Jose Aguilera–Martinez, his wife and children ("Petitioners"), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals ("BIA") dismissal of their appeal from the Immigration Judge's ("IJ") decision denying Petitioners' request to be placed in deportation proceedings rather than removal proceedings. Petitioners do not challenge the BIA's denial of their application for asylum, the withholding of removal or the grant of voluntary departure.

The BIA correctly dismissed Petitioners' appeal. They were not legally entitled to have deportation proceedings commenced prior to IIRIRA, and none were. 8 C.F.R. § 3.14(a) (providing that proceedings commence "when a charging document is filed with the Immigration Court by the Service"); *El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review,* 959 F.2d 742, 749 (9th Cir.1991) ("A deportation proceeding commences with the filing of an order to show cause.") (citation omitted). Because immigration proceedings commence when the charging document is filed, the Immigration Court was correct to administer removal proceedings against Petitioners. The INS served Petitioner with a Notice to Appear ("NTA") on April 21, 1998 and filed on May 4, 1998, after the IIRIRA's effective date of April 1, 1997. 8 C.F.R. § 239.1(a) ("Every removal proceeding ... to determine the deportability ... of an alien is commenced

by the filing of a notice to appear with the Immigration Court.").

Because the INS initiated immigration proceedings after April 1, 1997, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") "cancellation of removal" proceedings should apply. Therefore, the BIA properly dismissed the appeal of the IJ's decision affirming the application of removal proceedings, rather than deportation proceedings.

Petition DENIED.

---

** The Honorable William J. Rea, Senior United States District Judge for Central California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

